FILED

2012 MAR 16  PM 3: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

1  DANIEL S. ROBERTS, Bar No. 205535
   daniel.roberts@bbklaw.com
2  G. ROSS TRINDLE, Bar No. 228654
   ross.trindle@bbklaw.com
3  CHRISTOPHER D. WHYTE, Bar No. 245169
   christopher.whyte@bbklaw.com
4  BEST BEST & KRIEGER LLP
   3500 Porsche Way, Ste. 200
5  Ontario, CA  91764
   Telephone: (909) 989-8584
6  Facsimile: (909) 944-1441

7  Attorneys for Defendants
   Chief Eric Hopley, City of Ontario Police
8  Department, City of Ontario, Officer Nick
   Lefler, Officer Ryan Holmes, Officer Ruben
9  Espinoza, Officer Joseph Barron, Officer
   James Mikkelsen, Officer Kristie Harris,
10 Sergeant Michael Caldera, Corporal Thomas
   Odell, and Officer Ryan Ronveaux

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                     ED CV 12 - 00397 VAP (OPx)

15 FREDERICK ORTEGA, an          Case No.
   individual,
16                               NOTICE OF REMOVAL OF ACTION;
             Plaintiff,          UNDER 28 U.S.C. § 1441(b)
17                               (FEDERAL QUESTION)
             v.
18
   ERIC HOPLEY, an individual;
19 CITY OF ONTARIO POLICE
   DEPARTMENT, a public entity;
20 CITY OF ONTARIO, a public
   entity; OFFICER NICK LEFLER;
21 OFFICER RYAN HOLMES;
   OFFICER RUBEN ESPINOZA;
22 OFFICER JOSEPH BARRON;
   OFFICER MIKKELSEN; OFFICER
23 KRISTIE HARRIS; SERGEANT
   CALDERA; CORPORAL ODELL;
24 OFFICER RYAN RONVEAUX; and
   DOES 1 through 20, inclusive
25
             Defendants.
26

27

28

   45774.20017\7345394.1                          NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

2    PLEASE TAKE NOTICE that Defendants Chief Eric Hopley, City of

3    Ontario Police Department, City of Ontario, Officer Nick Lefler, Officer Ryan

4    Holmes, Officer Ruben Espinoza, Officer Joseph Barron, Officer James Mikkelsen,

5    Officer Kristie Harris, Sergeant Michael Caldera, Corporal Thomas Odell, and

6    Officer Ryan Ronveaux (collectively the "Ontario Defendants") hereby remove to

7    this Court the state court action described below.

8        1.    On December 28, 2011, this action was filed in the Superior Court of

9    the State of California in and for the County of San Bernardino, entitled <u>Frederick</u>

10   <u>Ortega v. Eric Hopley, City Of Ontario Police Department, City Of Ontario, Officer</u>

11   <u>Nick Lefler, Officer Ryan Holmes, Officer Ruben Espinoza, Officer Joseph Barron;</u>

12   <u>Officer Mikkelsen, Officer Kristie Harris, Sergeant Caldera, Corporal Odell,</u>

13   <u>Officer Ryan Ronveaux; and Does 1 through 20, inclusive</u>.  The action was

14   assigned case number CIVRS 1111057 by San Bernardino County Superior Court.

15   A true and correct copy of the Complaint is attached hereto as Exhibit "A."

16       2.    The first date upon which the Ontario Defendants received a copy of

17   the Complaint was February 16, 2012, when a copy of the Complaint, along with a

18   Summons from the state court, was served on the Ontario Defendants.  A true and

19   correct copy of the state court Summons is attached hereto as Exhibit "B."

20       3.    Along with the Summons and Complaint, the Ontario Defendants also

21   received the following documents from Plaintiff:

22       • Civil Case Cover Sheet, a true and correct copy of which is attached

23         hereto as Exhibit "C."

24       • Certificate of Assignment, a true and correct copy of which is attached

25         hereto as Exhibit "D."

26       • Notice of Case Assignment, a true and correct copy of which is

27         attached hereto as Exhibit "E."

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1        4.    The Summons, Complaint, Civil Case Cover Sheet, Certificate of

2    Assignment, and Notice of Case Assignment are the only papers that have been

3    served on the Ontario Defendants in the state court action.

4        5.    This Court has original jurisdiction over Plaintiff's federal civil rights

5    claims pursuant to 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C.

6    § 1441(b) because those claims arise under 42 U.S.C. §§ 1981, 1983, 1985(3), and

7    1986.  See Compl. at caption and ¶¶ 40-48, 64-69.  This Court has supplemental

8    jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9        6.    Defendants Chief Eric Hopley, City of Ontario Police Department,

10   City of Ontario, Officer Nick Lefler, Officer Ryan Holmes, Officer Ruben

11   Espinoza, Officer Joseph Barron, Officer James Mikkelsen, Officer Kristie Harris,

12   Sergeant Michael Caldera, Corporal Thomas Odell, and Officer Ryan Ronveaux

13   have all been served and join in the removal of this action, as evidenced by their

14   joint representation by the undersigned.  There are no other defendants named in

15   this action.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1       7.     Concurrent with the filing of this Notice of Removal, the Ontario

2  Defendants are filing in the state court a Notice to State Court and Adverse Party of

3  Removal to Federal Court, and serving the same on Plaintiff's counsel.  A true and

4  correct copy of that Notice with proof of service thereof is attached hereto as

5  Exhibit "F."

6

7  Dated:    March 16, 2012

Respectfully submitted,

BEST BEST & KRIEGER LLP

By:

DANIEL S. ROBERTS
G. ROSS TRINDLE
CHRISTOPHER D. WHYTE
Attorneys for Defendants
Chief Eric Hopley, City of Ontario
Police Department, City of Ontario,
Officer Nick Lefler, Officer Ryan
Holmes, Officer Ruben Espinoza,
Officer Joseph Barron, Officer James
Mikkelsen, Officer Kristie Harris,
Sergeant Michael Caldera, Corporal
Thomas Odell, and Officer Ryan
Ronveaux

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

# EXHIBIT A

12/21/2011 15 06 FAX 626 577 8444          Manibog & Manibog LLP                    @003/018

1   MANIBOG & MANIBOG, LLP
    DARREN A. MANIBOG, ESQ. (BAR NO. 186510)
2   5410 E. Beverly Boulevard
    Los Angeles, California 90022
3   Telephone: (323) 888-1005
    Facsimile:  (323) 888-2962
4
    LAW OFFICES OF L'TANYA M. BUTLER
5   L'TANYA M. BUTLER, ESQ., (BAR NO. 157939)
    6101 West Centinela Avenue, Suite 270
6   Culver City, CA 90230
    Telephone: (310) 410-1717
7   Fax: (310) 736-4460

8   Attorney for Plaintiff
    FREDERICK ORTEGA
9

                    FILED
            SUPERIOR COURT
        COUNTY OF SAN BERNARDINO
     RANCHO CUCAMONGA DISTRICT

            DEC 2 8 2011

    BY _____
                    DEPUTY

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN BERNARDINO

12   FREDERICK ORTEGA, an individual        CASE NUMBER:
                                            CIVRS1111857
13              Plaintiff,
                                            COMPLAINT FOR:
14        vs.                               1.  DEPRIVATION OF CIVIL RIGHTS
                                                UNDER 42 U.S. §§ 1981, 1983;
15   ERIC HOPLEY, an individual; CITY OF    2.  CONSPIRACY TO INTERFERE
     ONTARIO POLICE DEPARTMENT, a public        WITH CIVIL RIGHTS UNDER 42
16   entity; CITY OF ONTARIO, a public entity;  U.S.C. 1985(3);
     OFFICER NICK LEFLER; OFFICER RYAN      3.  FAILURE TO PREVENT
17   HOLMES; OFFICER RUBEN ESPINOZA;            DEPRIVATION OF CIVIL RIGHTS
     OFFICER JOSEPH BARRON; OFFICER             UNDER 42 U.S.C. § 1986;
18   MIKKELSEN; OFFICER KRISTIE HARRIS;     4.  NEGLIGENCE;
     SARGENT CALDERA; CORPORAL ODELL;       5.  ASSAULT AND BATTERY;
19   OFFICER RYAN RONVEAUX; and DOES 1      6.  CONSPIRACY;
     through 20, inclusive                  7.  INTENTIONAL OR RECKLESS
20                                              INFLICTION OF EMOTIONAL
                Defendants.                     DISTRESS;
21                                          8.  NEGLIGENT INFLICTION OF
                                                EMOTIONAL DISTRESS
22                                          9.  MUNICIPAL LIABILITY UNDER
                                                42 U.S. §1983
23                                          10. CALIFORNIA CIVIL CODE
                                                SECTION 52.1

24        1.    Plaintiff Frederick Ortega is, and at all times herein mentioned was, a competent

25   adult individual and a resident of the City of Ontario, and the County of San Bernardino,

26   California.

27        2.    At all times herein mentioned, defendant Eric Hopley ("Hopley") was the chief of

28   co-defendant City of Ontario Police Department.

                                   COMPLAINT

3. At all times herein mentioned, defendant City of Ontario was a public entity and public corporation duly organized and existing under the laws of the State of California, situated in the County of San Bernardion, California, and was the employer of the individual co-defendants.

4. At all times herein mentioned, defendant City of Ontario Police Department ("Police Department") was a public entity and public corporation as a part of co-defendant City of Ontario duly organized and existing under the laws of the State of California, situated in the County of San Bernardino, California, and was the employer of individual co-defendants.

5. Plaintiff is informed and believes that, at all times herein mentioned, Officer Nick Lefler, badge no. 80286, was a duly elected or appointed and acting police officer and employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts hereinafter described, acted within the course and scope of this employment.

6. Plaintiff is informed and believes that, at all times herein mentioned, Officer Ryan Holmes, badge no. 80285, was a duly elected or appointed and acting police officer and employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts hereinafter described, acted within the course and scope of this employment.

7. Plaintiff is informed and believes that, at all times herein mentioned, Officer Ruben Espinoza, badge no. 80170, was a duly elected or appointed and acting police officer and employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts hereinafter described, acted within the course and scope of this employment.

8. Plaintiff is informed and believes that, at all times herein mentioned, Officer Joseph Barron, badge no. 80254, was a duly elected or appointed and acting police officer and employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts hereinafter described, acted within the course and scope of this employment.

9. Plaintiff is informed and believes that, at all times herein mentioned, Officer James Mikkelsen, badge no. 15198, was a duly elected or appointed and acting police officer and employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts hereinafter described, acted within the course and scope of this employment.

1    10. Plaintiff is informed and believes that, at all times herein mentioned, Officer Joseph

2   Giallo, badge no. 14592, was a duly elected or appointed and acting police officer and employee

3   of co-defendants City of Ontario Police Department and City of Ontario, and in doing the acts

4   hereinafter described, acted within the course and scope of this employment.

5    11. Plaintiff is informed and believes that, at all times herein mentioned, Sargeant

6   Caldera, badge no. unknown, was a duly elected or appointed and acting police officer and

7   employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing

8   the acts hereinafter described, acted within the course and scope of this employment.

9    12. Plaintiff is informed and believes that, at all times herein mentioned, Officer Corporal

10   Odell, badge no. unknown, was a duly elected or appointed and acting police officer and

11   employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing

12   the acts hereinafter described, acted within the course and scope of this employment.

13    13. Plaintiff is informed and believes that, at all times herein mentioned, Officer Ryan

14   Ronveaux, badge no. 80282, was a duly elected or appointed and acting police officer and

15   employee of co-defendants City of Ontario Police Department and City of Ontario, and in doing

16   the acts hereinafter described, acted within the course and scope of this employment.

17    14.  Plaintiff is ignorant of the true names or capacities of defendants DOES 1 through

18   20, inclusive. Plaintiff sues those defendants by such fictitious names pursuant to § 474 of the

19   Code of Civil Procedure (CCP). Plaintiff will amend this complaint to allege their true names

20   and capacities when ascertained.

21    15. Plaintiff is informed and believes and thereon alleges that at all times herein

22   mentioned, each of the defendants sued herein as DOES 1-20, inclusive, was the agent, employee

23   or employer of each of the remaining co-defendants and was at all times acting within the

24   purpose and scope of such agency or employment.

25    16. Plaintiff is informed and believes and thereon alleges that at all times herein

26   mentioned, each of defendants acted under color of the statutes, ordinances, regulations, rules,

27   customs, common practices, policies, and usages of the State of California, the County of San

28   Bernardino and/or the City of Ontario. Each of individual defendants acted either outside the

COMPLAINT                                3

1   scope of his/her respective office or, if within the scope, acted in an arbitrary manner, grossly

2   abusing the lawful powers of office, and is being sued individually as well as in his/her official

3   capacity.

4       17.  On or about October 10, 2010 at approximately 12:17 a.m., Ontario Police Officers

5   Nick Lefler (#80286) and Ryan Holmes (#80285) responded to a report of a "suspicious vehicle"

6   that was "possibly stolen" at Plaintiff's residence.  The report was made by Plaintiff's wife,

7   Adrienne Ortega.  The "suspicious vehicle" was a large RV trailer that had been parked in

8   Plaintiff's driveway for approximately one month.

9       18.  When police arrived Adrienne met them at the front door and told them that Plaintiff

10  had brought the trailer to their residence at the request of her cousin's husband, Marco Martinez.

11  Police asked Adrienne to go back into the house to tell Plaintiff that they wanted speak with him.

12  Plaintiff told Adrienne on two separate occasions that he did not wish to speak to the police

13  officers.

14      19.  Officer Ruben Espinoza (#80170), one of the additional officers who had arrived

15  after the original responding officers, told Adrienne to "come here" to the area of the front lawn

16  where he was standing.  Adrienne complied.  Once outside her home, Espinoza told Adrienne

17  that the police wanted to go inside her home to "talk" with Fred.  Adrienne said that she wanted

18  to go in and get her granddaughter out first.  Espinoza told her that she could not go back into

19  the house.  Adrienne insisted several times that she wanted to get her granddaughter before the

20  police could go inside to "talk" with Fred.  Instead, Officer Espinoza took her into custody as a

21  "suspect."

22      20.  Knowing fully well that Plaintiff had no desire to speak with the Police and knowing

23  fully well that they did not have consent to enter the residence, the Ontario Police failed to obtain

24  either an arrest warrant or a search warrant.  Nonetheless, at least 14 Ontario police officers

25  united in a joint effort to apprehend Fred for a "possible" receiving stolen property call.  Of the

26  14 armed police present at Fred's home, at least 8 of them stormed his home, all of whom were

27  brandishing "some sort of weapon" including semi-automatic pistols, taser guns, a police canine,

28  and even a "40-millimeter launcher."

COMPLAINT                                           4

21. When the police officers stormed into the bedroom where Plaintiff was lying in bed next to his 5 year-old granddaughter, they immediately attacked Plaintiff. Plaintiff was hit with a taser and his granddaughter forcibly removed from his arms. He was then struck and kicked several times and finally was attacked and bitten by a police dog. He was then taken into custody. The actions of the police undertaken without consent to enter, in the absence of a warrant or exigent circumstances constituted the use of excessive force in the commission of an illegal arrest.

22. On April 7, 2011, Plaintiff filed a tort claim with defendant city of Ontario through its Clerk for the injuries, losses, and damages suffered and incurred by him by reason of the above-described events, all in compliance with the requirements of § 905 of the Government Code. Notice of rejection of the claim was deposited in the mail on June 29, 2011. The notice of rejection indicated that plaintiff had "only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim."

23. Above-described wrongful acts of defendants violated the right of plaintiff to be secure in his person and effects against unreasonable search and seizure and unjustified and excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States. Furthermore, defendants' acts violated California Penal Code § 241, which prohibited assault; and Penal Code § 243, which prohibited battery.

24. At all times herein mentioned, the rights and privileges of plaintiff described above were clearly and well established.

25. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendant officers, and each of them, acted separately, in concert with, and/or in conspiracy with each of the remaining co-defendants, and in bad faith, actual fraud, corruption, malice, intimidation and/or retaliation against plaintiff.

26. Plaintiff believes and thereon alleges that at all times herein mentioned, defendant officers, and each of them, willfully and maliciously conspired, agreed and reached a mutual understanding among themselves to subject plaintiff physical abuse in derogation of his federal constitutional rights and privileges.

COMPLAINT

5

27. Defendant Hopley was responsible for supervision, instruction, training, discipline, restriction, control, promotion, hiring and/or firing of the individual co-defendants, and knew or in the exercise of due diligence should have known that the conducts of said co-defendants were likely to occur.

28. Defendants Ontario Police Department and City of Ontario were responsible for supervision, instruction, training, discipline, restriction, control, promotion, hiring and/or firing of individual co-defendants, and knew or in the exercise of due diligence should have known that the conducts of said co-defendants were likely to occur.

29. These supervising defendants were deliberately indifferent to the constitutional rights of plaintiff in hiring, promotion, retention, training, supervision, instruction, discipline, restriction and control of their co-defendant employees. They failed to enforce rules and regulations, ensure that their employees obey the laws of the State of California and the United States, and take corrective actions with respect to misconduct of their employees. They authorized, tolerated as institutionalized practices, and ratified the misconduct and decisions herein alleged by approving both the decisions and the basis for them. They failed to forward to the office of the District Attorney evidence of criminal acts committed by their employees. They failed to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of employee misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public.

30. Public entity defendants Ontario Police Department and City of Ontario are also liable under the doctrine of Respondeat Superior for state law claims.

31. The above-mentioned federal and state laws imposed upon any person a legal duty to use due care. Especially, police officers had the fundamental duty to obey and carry out the laws of this state irrespective of their source, be it a constitution, statute, or duly promulgated regulation, order or judgment.

32. In addition, every defendant owed a legal duty of care imposed by the rules, regulations and policy of both the City of Ontario and the Ontario Police Department to plaintiff.

33. At all times herein mentioned, each of the defendant police officers had the power and duty to restrain the other defendants and prevent them from violating the law and the rights of plaintiff, but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants, and thereby became a party to the injuries inflicted upon plaintiff.

34. Defendants, and each of them, knew, or should have known, that their failure to exercise due care would cause plaintiff severe emotional distress. The injury to plaintiff was foreseeable.

35. Therefore, the acts of defendants, each of them, herein alleged also constituted gross negligence and carelessness under state law.

36. As a direct result of the defendants actions, plaintiff suffered severe pain and injury, including multiple dog bites.

37. The acts of the individual police officers were all intentional and malicious and done for the purpose of causing plaintiff to suffer severe humiliation, intimidation, mental anguish, and emotional and physical distress. Defendants' conduct in confirming and ratifying those acts was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and were done with a wanton and reckless disregard of the consequences to plaintiff.

38. As a proximate result of the aforementioned defendants' acts, plaintiff was hurt and injured in his health, strength, activity, subjected to humiliation, indignity, embarrassment, shame and ridicule, and prevented from transacting his business, study and research, and sustained severe injury, discomfort, uncertainty, fear, anxiety, annoyance, shock and injury to his nervous system and person, and loss of work and income, all of which have caused, and will continue to cause for the rest of his lifetime, plaintiff great mental, physical, and nervous pain and suffering. Damages exceed the minimal jurisdiction of this Court in an amount subject to proof at time of trial.

39. The aforementioned conduct of defendants, and each of them, were willful and were intended to cause pain, suffering and humiliation to plaintiff, and in fact subjected plaintiff to cruel and unjust hardship of pain, humiliation, intimidation. Thus, plaintiff is entitled to an award of exemplary and punitive damages against defendants, under Civil Code § 3294 or any other law.

1

2  FIRST CAUSE OF ACTION

3  DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1981, 1983

4  (against all defendants)

5  40. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

6  41. As alleged above, defendants, and each of them, under color of state laws, subjected

7  and caused to be subjected, plaintiff to the deprivation of his civil rights, constitutional rights,

8  privileges, and immunities secured by the Constitution of the United States, and specifically the

9  4th and 14th Amendments thereto, and the laws enacted thereunder [42 U.S.C. §§ 1981, 1983].

10  42. As a proximate result of defendants' deprivation of federal civil rights, plaintiff has

11  suffered, continues to suffer and will suffer general and special damages and is entitled to

12  exemplary and punitive damages and attorney fees.

13  SECOND CAUSE OF ACTION CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

14  UNDER 42 U.S.C. § 1985(3)

15  (against all defendants)

16  43. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

17  44. As alleged above, defendants conspired for the purpose of depriving, either directly or

18  indirectly, plaintiff of the equal protection of the laws, or of equal rights, privileges and

19  immunities under the laws of the United States, did, and caused to be done, an act in furtherance

20  of the object of the conspiracy, whereby plaintiff was injured in his person and property and

21  deprived of having and exercising rights and privileges of the citizen of the United States [42

22  U.S.C. § 1985(3)].

23  45. As a proximate result of defendants' conspiracy to interfere with civil rights, plaintiff

24  has suffered, continues to suffer and will suffer general and special damages and is entitled to

25  exemplary and punitive damages and attorney fees.

26

27

28

COMPLAINT                                8

THIRD CAUSE OF ACTION NEGLECT TO PREVENT DEPRIVATION OF CIVIL RIGHTS

UNDER 42 U.S.C. § 1986

(against all defendants)

46. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

47. As alleged above, defendants, and each of them, had knowledge that any of the wrongs conspired to be done was about to be committed, and had power to prevent or aid in preventing the commission of the same, but neglected and refused so to do even though they by reasonable diligence could have prevented the damages to plaintiff [42 U.S.C. § 1986].

48. As a proximate result of defendants' neglect to prevent deprivation of civil rights, plaintiff has suffered, continues to suffer and will suffer general and special damages and is entitled to exemplary and punitive damages and attorney fees.

FOURTH CAUSE OF ACTION

NEGLIGENCE

(against all defendants)

49. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

50. As a proximate result of defendants' breach of duties and negligence, plaintiff has suffered, continues to suffer and will suffer general and special damages in an amount according to proof.

FIFTH CAUSE OF ACTION

ASSAULT AND BATTERY

(against all defendants)

51. Plaintiff incorporates herein the allegations of paragraphs 1 through 23, inclusive.

52. In doing the acts alleged above, defendants intended to cause or place plaintiff in apprehension of a harmful or offensive contact with plaintiff's person.

53. As a result of defendants' acts as alleged above, plaintiff, in fact, was placed in great apprehension of a harmful and offensive contact with plaintiff's person.

54. In doing committing acts which subjected Plaintiff to physical abuse, including attacking him with a police dog, Defendants acted with the intent to make a contact with plaintiffs person.

55. At all times stated herein, plaintiff found the contact made with his person by defendants to be harmful and offensive to his person and dignity.

56. Said defendants' acts also constituted unreasonable and excessive force.

57. As a proximate result of defendants' assault, battery and excessive force, plaintiff has suffered, continues to suffer and will suffer general and special damages and is entitled to exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

### CONSPIRACY

### (against all defendants)

58. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

59. As a proximate result of the wrongful acts pursuant to the conspiracy, plaintiff has suffered, continues to suffer and will suffer general and special damages and is entitled to exemplary and punitive damages.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL OR RECKLESS INFLICTION OF MENTAL DISTRESS

### (against all defendants)

60. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

61. As a proximate result of defendants' intentional or reckless conduct, plaintiff has suffered, continues to suffer and will suffer severe emotional distress, mental suffering and general damages, and is entitled to exemplary and punitive damages.

### EIGHTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (against all defendants)

62. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

63. As a proximate result of defendants breach of duties and negligence, plaintiff has suffered, continues to suffer and will suffer severe emotional distress, mental suffering and general damages, and is entitled to exemplary and punitive damages.

### NINTH CAUSE OF ACTION

### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

### AGAINST THE CITY OF ONTARIO

64. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

65. Prior to October 10, 2010, the City of Ontario developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Ontario, which caused the violation of Plaintiff's rights.

66. Specifically, it was the policy and/or custom of the City of Ontario to encourage police officers to gain unlawful entry into the homes of private residences and to abuse citizens being detained by unnecessarily subjecting them to attack by police dogs.

67. It was the policy and/or custom of the City of Ontario to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Ontario did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

68. As a result of the above described policies and customs, police officers in the employ of the City of Ontario, including the defendants herein, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Los Angeles to the constitutional rights of persons within the County, and were the cause of the violations of plaintiff's rights alleged herein.

02/10/2012 12:29 FAX 626 577 8444          Manlbos & Manlbos LLP          ☒016/018

TENTH CAUSE OF ACTION

CALIFORNIA CIVIL CODE SECTION 52.1

(against all defendants)

70. Plaintiff incorporates herein the allegations of paragraphs 1 through 39, inclusive.

71. Defendants non-consensual entry into Plaintiff's home and the use of unreasonable and excessive force against him during the course of an illegal arrest violated Plaintiffs' state and federal rights, and specifically the 4th and 14th Amendment of the United States Constitution and Article I, Section 13 of the California Constitution. through intimidation, threats and or coercion thereby entitling Plaintiff to sue for damages under California Civil Code Section 52.1(b).

72. As a direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered and will continue to suffer physical injuries, humiliation, and mental anguish.

73. Defendants' violation of plaintiff's rights as guaranteed by Civ. Code § 52.1 entitles plaintiff to compensatory and punitive damages, a $25,000 civil penalty, and attorney's fees, all of which are provided for in Civ. Code §§ 52.1, subd. (b) and 52, and are requested below.

74. In doing the acts alleged in this complaint, defendants knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and therefore alleges, that defendants intended to cause injury to plaintiff and acted with a willful and conscious disregard of plaintiff's rights as secured by Civ. Code § 52.1, thus entitling plaintiff to recover punitive damages pursuant to Civ. Code § 52, subd. (b)(1).

WHEREFORE, PLAINTIFF PRAYS JUDGMENT against all defendants and each of them, as follows:

1. For compensatory damages in an amount subject to proof;

2. For punitive damages against the individual defendants;

3. For reasonable attorney fees under 42 U.S.C. § 1988(b) and or Civil Code Section 52.1(b);

4. For a civil penalty of $25,000 per defendant;

1    5. For costs of suit herein incurred; and

2    6. For such other and further relief as the court deems proper.

3                         Respectfully Submitted,

4  Dated: December 27 2011

5                         Darren A. Manibog, Attorney for Plaintiff
                              Frederick Ortega

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

13

# EXHIBIT B

RECEIVED

12 FEB 16 AM 11:47

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

CITY OF ONTARIO
CITY CLERK/RECORDS

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

DEC 28 2011

BY _____ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ERIC HOPLEY, in individual; CITY OF ONTARIO POLICE DEPARTMENT, a public entity; CITY OF ONTARIO, a public entity;
OFFICER MACK LIEFLER, OFFICER RYAN HOLMES, OFFICER KAREN ESPINOZA; OFFICER JOSEPH BARRERA, OFFICER
MIGUEL LIDE, OFFICER JUSTIN BARELAS; SARGENT CALDERA; CORPORAL LOBELL; OFFICER RYAN BONVEAULX, and DOES 1
through 20, inclusive
Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Frederick Ortega, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: San Bernardino County Superior Court *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CIVRS1111857 |

8303 North Haven Avenue
Rancho Cucamonga, CA 91730

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darren A. Manibog, Esq. (323)388-1003
MANIBOG & MANIBOG, LLP
3810 E. Beverly Boulevard, Los Angeles, CA 90022

DATE: DEC 28 2011    Clerk, by SANDRA HENDRIX GARCIA, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* City of Ontario, et al

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* public entity

4. [X] by personal delivery on *(date):* 2/16/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Darren A. Manibog, Esq. (SBN NO. 186510)<br>MANIBOG & MANIBOG, LLP<br>5410 E. Beverly Boulevard, Los Angeles, CA 90022<br>TELEPHONE NO.: (323)888-1005   FAX NO.: (323)888-2962<br>ATTORNEY FOR (Name): FREDERICK ORTEGA | **FILED**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>RANCHO CUCAMONGA DISTRICT<br><br>DEC 28 2011<br><br>BY _Deanna Hawkins Marci_<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 8303 North Haven Avenue
MAILING ADDRESS: 8303 North Haven Avenue
CITY AND ZIP CODE: Rancho Cucamonga, 91730
BRANCH NAME: Rancho Cucamonga Courthouse

| CASE NAME:<br>Ortega v. City of Ontario Police Department | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: CIVR\$1111057 |
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify):10 (civil rights violations; assault and battery; NIED; IIED)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:December 27, 2011

Darren A. Manibog, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

FREDERICK ORTEGA

Case No. _____

vs.

CERTIFICATE OF ASSIGNMENT

CITY OF ONTARIO POLICE DEPARTMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the RANCHO CUCAMONGA District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General      [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [X] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] 20 | Other | |
| [ ] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Plaintiff Frederick Ortega was injured at:     1525 E. Cherry Hill Street

(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)     ADDRESS

Ontario                                        CA                    91761

(CITY)                                         (STATE)               (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

December 27, 2011        at    Los Angeles                          , California

                                                    _____
                                                    Signature of Attorney/Party

13-16503-360 Rev. 10/94

# EXHIBIT E

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA 91730

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

http://www.sbcounty.gov/courts

DEC 28 2011

CASE NO: CIVRS1111057

BY _____

IN RE: FREDERICK ORTEGA -V- ERICA RIPLEY

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO JANET M FRANGIE IN DEPARTMENT R11 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
03/28/12 at 8:30 in Department R11. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 05/25/15 at 8:30
in Department R11.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
                      Stephen H. Nash, Clerk of the Court
Date: 12/28/11                          By: LEANDRA HENDRIX-GARCI
-----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/28/11
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/28/11 at Rnch Cucamonga, CA By: LEANDRA HENDRIX-G

# EXHIBIT F

DANIEL S. ROBERTS, Bar No. 205535
daniel.roberts@bbklaw.com
G. ROSS TRINDLE, Bar No. 228654
ross.trindle@bbklaw.com
CHRISTOPHER D. WHYTE, Bar No. 245169
christopher.whyte@bbklaw.com
BEST BEST & KRIEGER LLP
3500 Porsche Way, Ste. 200
Ontario, CA  91764
Telephone: (909) 989-8584
Facsimile: (909) 944-1441

Attorneys for Defendants
Chief Eric Hopley, City of Ontario Police
Department, City of Ontario, Officer Nick
Lefler, Officer Ryan Holmes, Officer Ruben
Espinoza, Officer Joseph Barron, Officer
James Mikkelsen, Officer Kristie Harris,
Sergeant Michael Caldera, Corporal Thomas
Odell, and Officer Ryan Ronveaux

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK ORTEGA, an individual, | Case No. |
| Plaintiff, | NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) |
| v. | |
| ERIC HOPLEY, an individual; CITY OF ONTARIO POLICE DEPARTMENT, a public entity; CITY OF ONTARIO, a public entity; OFFICER NICK LEFLER; OFFICER RYAN HOLMES; OFFICER RUBEN ESPINOZA; OFFICER JOSEPH BARRON; OFFICER MIKKELSEN; OFFICER KRISTIE HARRIS; SERGEANT CALDERA; CORPORAL ODELL; OFFICER RYAN RONVEAUX; and DOES 1 through 20, inclusive, | |
| Defendants. | |

NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

2    PLEASE TAKE NOTICE that Defendants Chief Eric Hopley, City of

3 Ontario Police Department, City of Ontario, Officer Nick Lefler, Officer Ryan

4 Holmes, Officer Ruben Espinoza, Officer Joseph Barron, Officer James Mikkelsen,

5 Officer Kristie Harris, Sergeant Michael Caldera, Corporal Thomas Odell, and

6 Officer Ryan Ronveaux (collectively the "Ontario Defendants") hereby remove to

7 this Court the state court action described below.

8    1.    On December 28, 2011, this action was filed in the Superior Court of

9 the State of California in and for the County of San Bernardino, entitled <u>Frederick</u>

10 <u>Ortega v. Eric Hopley, City Of Ontario Police Department, City Of Ontario, Officer</u>

11 <u>Nick Lefler, Officer Ryan Holmes, Officer Ruben Espinoza, Officer Joseph Barron;</u>

12 <u>Officer Mikkelsen, Officer Kristie Harris, Sergeant Caldera, Corporal Odell,</u>

13 <u>Officer Ryan Ronveaux; and Does 1 through 20, inclusive</u>.  The action was

14 assigned case number CIVRS 1111057 by San Bernardino County Superior Court.

15 A true and correct copy of the Complaint is attached hereto as Exhibit "A."

16    2.    The first date upon which the Ontario Defendants received a copy of

17 the Complaint was February 16, 2012, when a copy of the Complaint, along with a

18 Summons from the state court, was served on the Ontario Defendants.  A true and

19 correct copy of the state court Summons is attached hereto as Exhibit "B."

20    3.    Along with the Summons and Complaint, the Ontario Defendants also

21 received the following documents from Plaintiff:

22    &bull;   Civil Case Cover Sheet, a true and correct copy of which is attached

23    hereto as Exhibit "C."

24    &bull;   Certificate of Assignment, a true and correct copy of which is attached

25    hereto as Exhibit "D."

26    &bull;   Notice of Case Assignment, a true and correct copy of which is

27    attached hereto as Exhibit "E."

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1        4.       The Summons, Complaint, Civil Case Cover Sheet, Certificate of

2    Assignment, and Notice of Case Assignment are the only papers that have been

3    served on the Ontario Defendants in the state court action.

4        5.       This Court has original jurisdiction over Plaintiff's federal civil rights

5    claims pursuant to 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C.

6    § 1441(b) because those claims arise under 42 U.S.C. §§ 1981, 1983, 1985(3), and

7    1986.  See Compl. at caption and ¶¶ 40-48, 64-69.  This Court has supplemental

8    jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9        6.       Defendants Chief Eric Hopley, City of Ontario Police Department,

10   City of Ontario, Officer Nick Lefler, Officer Ryan Holmes, Officer Ruben

11   Espinoza, Officer Joseph Barron, Officer James Mikkelsen, Officer Kristie Harris,

12   Sergeant Michael Caldera, Corporal Thomas Odell, and Officer Ryan Ronveaux

13   have all been served and join in the removal of this action, as evidenced by their

14   joint representation by the undersigned.  There are no other defendants named in

15   this action.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1         7.     Concurrent with the filing of this Notice of Removal, the Ontario

2    Defendants are filing in the state court a Notice to State Court and Adverse Party of

3    Removal to Federal Court, and serving the same on Plaintiff's counsel.  A true and

4    correct copy of that Notice with proof of service thereof is attached hereto as

5    Exhibit "F."

6

7    Dated:    March 16, 2012              Respectfully submitted,

8                                        BEST BEST & KRIEGER LLP

9

10                                       By:

11                                         DANIEL S. ROBERTS

12                                         G. ROSS TRINDLE

13                                         CHRISTOPHER D. WHYTE
                                    Attorneys for Defendants

14                                       Chief Eric Hopley, City of Ontario
                                    Police Department, City of Ontario,

15                                       Officer Nick Lefler, Officer Ryan
                                    Holmes, Officer Ruben Espinoza,

16                                       Officer Joseph Barron, Officer James
                                    Mikkelsen, Officer Kristie Harris,

17                                       Sergeant Michael Caldera, Corporal
                                    Thomas Odell, and Officer Ryan
                                    Ronveaux

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

45774.20017\7345394.1                - 3 -                    NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**


This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

### EDCV12- 397 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.



All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |



Failure to file at the proper location will result in your documents being returned to you.

_____

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Frederick Ortega | Chief Eric Hopley, City of Ontario Police Department, City of Ontario, Officer Nick Lefler, Officer Ryan Holmes, Officer Ruben Espinoza, Officer Joseph Barron, Officer James Mikkelsen, Officer Kristie Harris, Sergeant Michael Caldera, Corporal Thomas Odell, and Officer Ryan Ronveaux |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Darren A. Manibog, SBN 186510<br>Manibog & Manibog, LLP<br>5410 E. Beverly Blvd.<br>Los Angeles, California 90022<br>(323) 888-1005<br><br>L'Tanya M. Butler, SBN 157939<br>Law Offices of L'Tanya M. Butler<br>6101 W. Centinela Ave., Suite 270<br>Culver City, California 90230<br>(310) 410-1717 | Daniel S. Roberts, SBN 205535<br>G. Ross Trindle, SBN 228654<br>Christopher D. Whyte, SBN 245169<br>Best Best & Krieger, LLP<br>3500 Porsche Way, Suite 200<br>Ontario, California 91764<br>(909) 989-8584 |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

## VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. sections 1981, 1983, 1985(3), and 1986 [alleged violation of civil rights]

## VII. NATURE OF SUIT (Place an X in one box only.)

ED CV 12 - 00397 VAP (OPx)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 370 Other Fraud | Sentence Habeas | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 371 Truth in Lending | Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 380 Other Personal | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | ☐ 385 Property Damage | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | Product Liability | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | ☐ 22 Appeal 28 USC | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | 158 | FORFEITURE / | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | USC 157 | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & | PROPERTY RIGHTS |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 441 Voting | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 442 Employment | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | ☐ 443 Housing/Acco- | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | mmodations | Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 444 Welfare | 881 | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | ☐ 445 American with | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Disabilities – | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY | Injury Product | Employment | ☐ 650 Airline Regs | 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | ☐ 446 American with | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | Disabilities – | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | Other | ☐ 690 Other | FEDERAL TAX SUITS |
| nation Under Equal | ☐ 240 Torts to Land | Application | ☒ 440 Other Civil | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | Rights | | or Defendant) |
| ☐ 950 Constitutionality of State | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

FOR OFFICE USE ONLY:     Case Number: _____._____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino - Frederick Ortega | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino -- all named Defendants | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**   Date  March 16, 2012

Daniel S. Roberts

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com